Mary GLOVER, et al., Plaintiffs,

v.

Perry JOHNSON, Director, Michigan Department of Corrections, et al., Defendants.

Civ. A. No. 77–71229.

United States District Court, E.D. Michigan, S.D.

June 12, 1987.

Charlene M. Snow, Deborah LaBelle, Detroit, Mich., for plaintiff.

Susan A. Harris, Asst. Atty. Gen., for defendant.

## MEMORANDUM OPINION
## AND ORDER

FEIKENS, District Judge.

Female inmates in the custody of the Michigan Department of Corrections ("Department") commenced this suit on May 19, 1977 and demanded that defendants, members of the Michigan Corrections Commission, provide them with educational and vocational opportunities comparable to those provided male inmates. I certified the action "on behalf of all female inmates in Michigan." 85 F.R.D. 1, 2 (1977). After a bench trial, I ruled that defendants violated the Equal Protection Clause of the Fourteenth Amendment and I ordered defendants to provide parity of programming for female inmates. 478 F.Supp. 1075, 1101–1102 (1979). After extensive consultation with counsel, I entered final relief. 510 F.Supp. 1019 (1981). Despite my orders, defendants persisted in denying female inmates equal opportunity. Accordingly, I appointed Dr. Richard Meisler Administrator of the Department's educational programs, and charged him with responsibility for developing and implementing a plan to provide parity of programming for female inmates. Mem. Op. and Order (April 17, 1987). 659 F.Supp. 621.

Dr. Meisler's responsibilities will require his full-time attention once he sets aside his duties at The University of Michigan on June 25, 1987. By that time, I must establish his rate of compensation. The parties and Dr. Meisler have informed me of their views both in chambers and in open court. I have carefully considered those views, as well as my own view of Dr. Meisler's role, and I conclude that One Thousand Dollars ($1,000.00) per week for not less than forty (40) hours of work provides fair and reasonable compensation. I establish a weekly rate and not an annual salary to emphasize that Dr. Meisler is not an ordinary, long-term employee of the Department, but a temporary consultant with special authority to implement the judgment and orders of this Court. I note, however, that Dr. Meisler's annual compensation of $52,000 is comparable to the $48,700 salary, exclusive of benefits, received by the Department's own Education Director. I establish a weekly rate and not an hourly rate because Dr. Meisler will be working exclusively on this project and I do want to imply that he must detail how he spends each hour of his working time. I note, however, that hourly compensation of approximately $25.00 is reasonable for a consultant who has no overhead.

Accordingly, IT IS ORDERED that beginning July 1, 1987, defendants pay Dr. Meisler One Thousand Dollars ($1,000.00) per week for not less than forty (40) hours of work as this Court's Administrator.

IT IS FURTHER ORDERED that any objections to this order be filed in writing within ten (10) days from the date of this order.